## Morgan *versus* Commonwealth, *ex rel.* Verbeke.

Election officers of a ward, in 1864, by virtue of Acts of Assembly, borrowed money to pay bounties, but the amount of tax they were authorized to levy in one year was not sufficient to pay the loan. The officers of 1865 took no steps to raise the balance. *Held,* that the officers of 1866, on the application of the unpaid bondholders, could be compelled, by mandamus, to levy a tax for that purpose.

May 25th 1867. Before WOODWARD, C. J., THOMPSON, READ and AGNEW, JJ. STRONG, J., absent.

Error to the Court of Common Pleas of *Dauphin county.*

On the 30th of October 1866, William K. Verbeke and others petitioned the Court of Common Pleas, setting forth that, by virtue of various Acts of Assembly, authorizing the board of election officers of the Third Ward to borrow money for bounties for men to fill its quota for the military service of the United States, they, with other citizens of the ward, advanced to said officers, for that purpose, the sum of $22,800, and received therefor the bonds of said ward, duly issued by virtue of said Acts of Assembly; that the county commissioners of Dauphin county, the city council of Harrisburg and board of school directors of the third ward of the city, having refused to levy and assess a bounty tax to pay the money so advanced, the board of election officers of the said ward did, in March 1864, levy and assess a tax for that purpose in the ward; that by reason of a limitation by the Acts of

[Morgan v. Commonwealth.]

Assembly of the amount of tax to be raised in any one year, the sum raised by the above assessment was not sufficient to pay the money so advanced, and that there is still due to the petitioners about $7000; that the board of election officers elected in 1866 refused to levy a tax to pay the above balance; and praying for a mandamus to levy and collect a tax for that purpose to issue to William C. Morgan, Judge, and Spencer S. Barrett and Joseph Hoffman, Inspectors of the Third Ward of Harrisburg.

The defendants, amongst other things, answered:—

"That the board of election officers of the Third Ward of the city of Harrisburg, elected in March 1865, who were duly qualified, and entered on the duties of their office, and remained in office one year, in the exercise of a sound judgment, did not levy any tax for the purpose set forth in the plaintiff's bill, and never were enjoined to levy a tax for said purpose.

"Wherefore, your respondents, in the exercise of their best judicial discretion, cannot take on themselves the authority to levy taxes for the payment of an alleged debt, *improvidently* and *illegally contracted* by the board of election officers of the Third Ward of the city of Harrisburg for the year 1864."

The court below (Pearson, P. J.) delivered the following opinion:—

"As we understand the points raised by the petition and answer in this case, they present two questions. 1st: Had the election board of 1864 power to contract a debt to pay bounties to volunteers, and repay those who had put in substitutes, which should be binding on the township, beyond the sum authorized to be raised in taxes for a single year? And, 2d: Can the board of election officers of 1866 be called upon to levy and collect a tax to pay the undischarged arrears not covered by the tax laid in 1865, more especially as the election officers of 1865 have been passed over by the creditors, and not required to levy and collect any tax for the purpose?

"1. The legislature possesses very extensive powers in imposing taxes on municipalities, or authorizing their officers to assess them for the public good. The same authority may empower them to contract a debt, binding on the corporation, when believed to be for the general benefit of the citizens. Of such a character, it is settled by the highest judicial authority of the state, is the appropriation of money to relieve the people from military service: Speer v. School Directors, &c., of Blairsville, 14 Wright 150.

"It can scarcely be denied but that the Act of 26th March 1864, with its various supplements, permits, if it does not compel, the election officers of the wards, boroughs and townships to contract debts for the purpose of raising bounties. The 1st section of the Act of August 25th 1864, Pamph. L. 986, provides that,

[Morgan *v.* Commonwealth.]

in all cases where the county commissioners are authorized to contract loans for such purposes, and levy a tax for their repayment, but neglect or refuse so to do, the respective cities, townships, wards and boroughs of such county, by their authorities, *or board of election officers,* in said act named, shall have full power to contract loans to pay bounties to volunteers, and to levy taxes for the repayment of such loans, as fully, to all intents, as the county commissioners might have done under the provisions of the former act.    The 3d section of the same law entitles the person putting in a substitute to receive the sum paid, not exceeding $300, from the township; and the 4th section limits the amount of taxation to two per centum, in any one year, on the county valuation.    We do not pretend to say that the legislature can oblige a municipality to raise money for the purpose specified in these statutes without the consent of some board or tribunal to represent it; but the legislature can declare who shall represent the county, township or ward, and it is very obvious, from the whole tenor of the legislation on this subject, that the desire was to have the appropriation made, and for that purpose several different tribunals are empowered to act, so that if one will not, another may.    So far as relates to this county, and city of Harrisburg, the duty first devolved on the county commissioners, who might have acted for the entire county.    If they neglected or refused, the power was next conferred on the mayor and council of the city; they declining, the next in order came the school directors of the ward or district; after them, the judge and inspectors of the election.    It is well known that, from the beginning, the commissioners of Dauphin county refused their sanction, and passed a resolution that they would not act in the premises. The city council could not well take on themselves the responsibility, as some of the wards had raised large sums by subscription, had put in many substitutes, and the wards having the largest valuation of property had, perhaps, to find the fewest soldiers. The city was not divided by wards for school purposes, but the six wards comprised but two school districts, one being composed of two, the other of four wards.    All of these tribunals refused to act; therefore the power, or duty, devolved on the election board, which might have declined also, and permitted the draft to take its course, but it did not; on the contrary, that tribunal resolved to borrow the funds to meet the requisition, obtained the money, laid a tax to meet the larger portion of it, but left a debt still due by the ward, the law not permitting the board to levy sufficient tax, at once to meet the whole.    We consider that the board acted with great propriety in so doing, as it was proper to so divide the debt into instalments, as not to impose too great a burden on the people in any one year.    We have no doubt of the power of the election board to thus contract the debt, and the

[Morgan v. Commonwealth.]

same was obligatory on the ward. We have just as little as to the constitutional authority of the legislature to pass the law, and the action of the election board comes strictly within the provisions of the statute.

" 2. Is it the duty of the present election board to levy a tax on the ward to meet the debt and interest now due ? We have already said that the debt is obligatory, and there is no method of paying it except by taxation. Although it was discretionary with the board of 1864 to make this contract, it is now binding. The money has been obtained and used by the ward ; there is no discretion to be exercised by the present election board ; the day of choice between the money and the draft has gone by ; the predecessors of the defendants have made the election, and they must impose the tax, or point out some other tribunal which can lawfully do it. None other has been suggested. It cannot be done by the city council ; it has no power to levy money from a single ward ; nor can it by the school board, that does not represent this ward alone, but in common with three others ; and the business having been commenced by the election board, it is the fitting tribunal to carry it through. Nearly all of the laws on this subject are lame and defective, not prepared with skill, and enacted in haste ; but we must give them such legal interpretation as will enable them to be carried out according to the general legislative intention, and so as to do the least injustice to society and individuals. So construing the Acts of 1864, we think that the election board—the successors to those who contracted this debt for the use of the ward—can now assess the necessary tax on the people to pay it ; and, having the power, it becomes its duty to do it. Having declined so to do, with a view of having the right tested, we must oblige them, by mandamus, to perform their duty. A peremptory mandamus is awarded, as prayed."

Awarding the mandamus was assigned for error by the defendants, who removed the case to the Supreme Court.

*Hamilton Alricks*, for plaintiffs in error, cited Acts of 25th March 1864, Pamph. L. 85, Purd. 1364–5, pl. 120, 122, 8th April 1864, Pamph. L. 303, Purd. 1367, pl. 135, 25th of August 1864, Pamph. L. 984, Purd. 1367, pl. 136 ; Dwarris on Statutes, 9 Law Lib. 771 ; Spratt v. Jeffrey, 21 E. C. L. R. 64 ; Speer v. The School Directors, 14 Wright 150.

*J. H. Briggs* and *R. A. Lamberton*, for defendants in error, cited Act of March 19th 1860, § 54, Pamph. L. 199, together with the acts cited for the plaintiffs in error ; Speer v. Directors of Blairsville, 14 Wright 159 ; Tyson v. Directors of Halifax, 1 P. F. Smith 9.

[Morgan *v.* Commonwealth.]

The opinion of the court was delivered, July 3d 1867, by

READ, J.—Under the Act of the 25th March 1864, and its supplements of 8th April and 25th August 1864, the board of election officers in an election district have full power to contract loans to pay bounties and to levy taxes for the repayment of such loans as fully, to all intents and purposes, as the county commissioners might or could have done under the provisions of the said first-named act. The county commissioners of Dauphin county, city council of Harrisburg and the board of school directors of the North ward school district, which was comprised of the third, fourth, fifth and sixth wards, all refused to act in contracting loans and levying taxes to pay bounties, and therefore the duty devolved on the election board of the third ward. " This tribunal," says Judge Pearson, " resolved to borrow the funds to meet the requisition ; obtained the money ; laid a tax to meet the larger portion of it, but left a debt still due by the ward, the law not permitting the board to levy sufficient tax at once to meet the whole." " We have no doubt of the power of the election board to thus contract the debt, and the same was obligatory on the ward." A portion of this debt remains unpaid, and it is clearly the duty of the election board, the successors of those who contracted this debt for the use of the ward, to assess the necessary tax on the people to pay it. The court were right, therefore, in awarding the peremptory mandamus.

Judgment affirmed.